| UNITED STATES DISTRICT COURT | C/M |
|---|---|
| EASTERN DISTRICT OF NEW YORK | |

```
------------------------------------------------------------ X
                                                             :
CELESTE BROWN,                                               :
                                    Plaintiff,               :
                                                             :    MEMORANDUM DECISION AND
                 - against -                                 :    ORDER
                                                             :
QUEENS CENTER FOR PROGRESS; LUCY                             :    16 Civ. 1399 (BMC) (PK)
THOMPSON, Shift Supervisor; MICHELLE                         :
JENKINS, Assistant Director H.R.; EDWARD                     :
WEISS, Director Residential Services; and                    :
TERRI ROSS,                                                  :
                                                             :
                                    Defendants.              :
------------------------------------------------------------ X
```

**COGAN,** District Judge.

Plaintiff, Celeste Brown, proceeding *pro se*, commenced this action against her former employer, Queens Center for Progress, and four of its employees. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) but dismisses the complaint without prejudice.

## BACKGROUND

The following facts are taken from the complaint and the appended December 18, 2015 Equal Employment Opportunity Commission ("EEOC") Notice of Right to Sue, the allegations of which are assumed to be true for purposes of this Memorandum and Order.

Plaintiff was employed at Queens Center for Progress. During the time of her employment, plaintiff was involved in a steady stream of disputes with her supervisor, defendant Lucy Thompson, which she reported to defendants Edward Weiss, Terri Ross, and Michelle Jenkins. She describes incidents spanning from January 21, 2015 until her resignation (which appears to have been sometime in August 2015) in which she was reprimanded for being absent

or leaving early, was denied the opportunity to transfer to an overnight position, and felt harassed and threatened by Thompson. Plaintiff was reassigned briefly to another location, where she also had trouble with the supervisor, and was ignored and intimidated by other supervisors and employees. Plaintiff states that Queens Center for Progress "knew of [these] ongoing conflicts between staff and supervisors but failed to address complaints against supervisors and follow up with employees." She alleges that, instead, Queens Center for Progress transferred the employee who complained, and did "not have the best interest of employees when it comes to conflict resolution."

Plaintiff states that she brings this claim because defendants willfully harassed and retaliated against her and that the Court has jurisdiction over her claim because of "hostile work environment, discrimination." Plaintiff does not identify a federal statute under which she seeks relief, and her EEOC submission was filed using a generic complaint form.

## STANDARD OF REVIEW

A complaint must plead enough facts to state a claim to relief that is plausible on its face. See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. See Ashcroft v. Iqbal, 556 U.S. 662 (2009). Although all allegations contained in the complaint are assumed to be true, this principle does not apply to legal conclusions. Id. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." See Erickson v. Pardus, 551 U.S. 89 (2007). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). Nevertheless, the

Court must dismiss an *in forma pauperis* action if the Court determines it fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiff may be suffering from a misunderstanding of her rights under federal law. She has no right under federal law to be treated fairly in the workplace. Her employer is free to treat her unfairly, unreasonably, and unwisely. This Court does not supply a grievance process in which an employee can complain because she would like to be treated better or because an employer is running its business poorly. The only thing that federal prohibits is discrimination against plaintiff on the basis of immutable characteristics, such as her race, her national origin, her gender, or, additionally, her religion.

Because of this, although the pleading threshold is low, plaintiff has not stated a claim under any conceivable federal statute. Plaintiff filed a charge with the EEOC and received an EEOC Notice of Right to Sue, but she fails to identify any federal employment discrimination statute under which she seeks to raise her claim, or any information from which the federal statute could be identified. Plaintiff filed her EEOC complaint using a generic complaint form, not the form for employment discrimination complaints, so useful information regarding the type of complaint she seeks to file is omitted from her submission. Nor has plaintiff alleged any facts to support any federal employment discrimination claim; the complaint is devoid of any facts regarding her membership in a protected class or circumstances giving rise to an inference of discrimination. See Arista Records LLC v. Doe 3, 604 F.3d 110, 120–21 (2d Cir. 2010) (although Twombly and Iqbal do not impose a heightened pleading standard in employment discrimination cases, plaintiff must still plead enough facts to make his claim plausible).

The Court finds that the complaint, as currently stated, does not have "facial plausibility"

because plaintiff has failed to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Therefore, plaintiff's employment discrimination complaint is dismissed for failure to state a claim on which relief may be granted.

Should she wish to pursue such an employment discrimination claim, Plaintiff may submit an amended complaint and provide facts in support of her claim or claims. Arista Records LLC, 604 F.3d at 120–21. To aid her in this task, and to provide guidance on what information is needed in order to proceed on an employment discrimination claim,[1] the Clerk of Court is requested to provide a copy of an employment discrimination form complaint to plaintiff with this Order.

## **CONCLUSION**

Accordingly, the complaint is dismissed for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). However, in light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given 20 days leave to file an amended complaint. Should plaintiff have a basis for a claim of employment discrimination, she should provide facts in support of such claim. In addition to the EEOC Notice of Right to Sue, plaintiff may include the charge she filed with the EEOC regarding defendants' allegedly discriminatory conduct. The amended complaint must "plead enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

Plaintiff is advised that the amended complaint will completely replace her first

---

[1] Plaintiff is also advised that the federal employment discrimination statutes do not provide for individual liability, and therefore the individual defendants plaintiff has named in this complaint would not be proper defendants to those claims. See Tomka v. Seiler Corp., 66 F. 3d 1295 (2d Cir. 1995); see also Garibaldi v. Anixter, Inc., 407 F. Supp. 2d 449, 451 (W.D.N.Y. 2006) ("[T]here is no individual liability under any of the federal anti-discrimination statutes, including Title VII, the ADA, and the ADEA.").

4

complaint.  The amended complaint must be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order.  The Clerk of Court is respectfully requested to provide plaintiff with an employment discrimination complaint form.  No summons shall issue at this time and all further proceedings shall be stayed for 20 days or until further order of the Court.  If plaintiff fails to amend his complaint within 20 days of the date of this Order is entered on the docket, the Court shall dismiss this complaint for failure to state a claim on which relief may be granted and judgment shall enter.  If submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B).

      The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

                                                U.S.D.J.

Dated: Brooklyn, New York
       March 24, 2016